In the United States District Court
for the Southern District of Texas
McAllen Division

| | |
|---|---|
| Adriana Correa, | |
| *Plaintiff,* | |
| v. | Civil Action No.: 7:17-cv-89 |
| Nationwide Mutual Insurance Company, | |
| *Defendant.* | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE U.S. DISTRICT JUDGE:

Defendant Nationwide Mutual Insurance Company (hereinafter "Nationwide"), a Write-Your-Own (hereinafter "WYO") Program insurance carrier participating in the U.S. Government's National Flood Insurance Program (hereinafter "NFIP") pursuant to the National Flood Insurance Act of 1968 (hereinafter "NFIA") as amended, and appearing herein in its fiduciary capacity as the fiscal agent of the United States.  Nationwide, by and through undersigned counsel and pursuant to 28 U.S.C. § 1441, files this Notice of Removal of the above-captioned action from the 430th District Court, Hidalgo County, Texas (C-0723-17-J), where it is now pending, to the United States District Court for the Southern District of Texas.  In support of this Notice, Nationwide shows the Court the following:

1.    Plaintiff Adriana Correa (hereinafter "Plaintiff), filed this action on February 16, 2017, in the 430th Judicial District Court of Hidalgo County, Texas (C-0723-17-J).  A true and correct copy of Plaintiff's Original Petition is attached hereto as **Exhibit D**.

2.      Plaintiff's Original Petition alleges claims against Nationwide arising from a Standard Flood Insurance Policy (hereinafter "SFIP") issued to them under the NFIP with respect to a dwelling located at 7764 E. State Highway 107, Edinburg, Texas 78542-3854 (hereinafter the "Insured Property"), for Breach of Contract (Section VI); DTPA Violations (Section VII); Unfair Insurance Practices (Section VIII); Breach of the Duty Good Faith and Fair Dealing (Section IX);  and Texas Insurance Code 542, Subchapter B Delay in Payment ( Section X).

3.      For the reasons that follow, Nationwide hereby removes this case from state court to this federal court, pursuant to 28 U.S.C. §1331 (2013) (federal question jurisdiction) and 28 U.S.C. §1367 (2013) (supplemental jurisdiction).

**Grounds for Removal / Jurisdiction**

4.      This case is removable by Nationwide pursuant to 28 U.S.C. § 1441(a) as a civil action "of which the district courts of the United States have original jurisdiction."

5.      As set forth in more detail below, this Honorable Court has original jurisdictional over the cause of action in Section VI of the Original Petition under 28 U.S.C. § 1331.  As a result, the remaining causes of action set forth in Sections VII, VIII, IV, and X are removable under 28 U.S.C. §1441(b) (2013), which states as follows:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

6.      This Honorable Court also has jurisdiction over the causes of action set forth in Sections VII, VIII, IV, and X of the Original Petition under 28 U.S.C. §1441(c) (2013), which states, in pertinent part:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or move otherwise non-removable claims of causes of action, the entire case may be removed and the district court may determine all issues therein.

7.      All claims set forth in the Original Petition arise from purported flood losses to the insured property which occurred on June 7, 2015.  As Plaintiff's DTPA Violations, Unfair Insurance Practice, Breach of the Duty Good Faith and Fair Dealing, and Texas Insurance Code 542, Subchapter B Delay in Payment claims are so related to Plaintiff's putative Breach of Contract claim that all form part of the same case or controversy under Article III of the United States Constitution, this Honorable Court has the discretion to exercise supplemental jurisdiction over Count II under 28 U.S.C. §1367.  Accordingly, Defendant respectfully submits that the Court's exercise of jurisdiction over all causes of action in the Original Petition, (Breach of Contract (Section VI); DTPA Violations (Section VII); Unfair Insurance Practices (Section VIII); Breach of the Duty Good Faith and Fair Dealing (Section IX);  and Texas Insurance Code 542, Subchapter B Delay in Payment (Section X)) is appropriate. *See* 28 U.S.C. §1367(a) (2013); *see also S.N.B. v. Pearland Indep. Sch. Dist.,* 120 F. Supp. 3d 620, 630 (S.D. Tex. 2014).

## THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIERS ROLE

8.      Congress underwrites all operations of the NFIP through the U.S. Treasury. This includes appropriations for both the adjustment of claims and the payment of those claims.  Similarly, Congress has conferred rule-making power upon the agency created for carrying out its policy, specifically the Federal Emergency Management Agency (FEMA).

9.     Nationwide, as a WYO Program carrier, is authorized to issue SFIPs on behalf of the federal government pursuant to the arrangement with FEMA, set forth at 44 C.F.R. Pt. 62, App. A.

10.     Nationwide cannot waive, alter or amend any of the provisions of the SFIP. *See* 44 C.F.R. 61.13(d) (2013) and 44 C.F.R. Pt. 61, App. A(1), Art. VII(D).

11.     Further, Nationwide has no authority to tailor or alter NFIP policies backed by the government.  *See* 44 C.F.R. 62.23 (2013).

12.     Nationwide's role, as a WYO Program carrier and as set forth in the Arrangement, is to *market, sell* and *administer,* SFIP policies as well as handle claims under SFIPs that it is authorized to issue on behalf of the federal government.  It is clear that Nationwide, in its WYO capacity, is conducting all of these actions in its fiduciary capacity as the fiscal agent of the United States. *See* 44 C.F.R. 62.23(f) (2013) and 42 U.S.C. 4071(a)(1) (2013), respectively.

13.     All flood claim payments made by a WYO Program carrier, such as Nationwide under an SFIP, are made out of a segregated account containing U.S. Treasury funds, as required by 44 C.F.R. Pt. 62, App. A, Art. III.  The Fifth Circuit has held that payments made pursuant to that policy are a direct charge on the public treasury. *See Gowland v. Aetna*, 143 F.3d 951, 955 (5th Cir. 1988), *citing to In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir. 1987).  Other Circuits have similarly held that "regardless whether FEMA or a WYO company issues a flood insurance policy, the United States Treasury funds pay off the insureds' claim." *See Van Holt v. Liberty Mutual Fire Ins. Co.,* 163 F.3d 161, 165 (3d Cir. 1998).  Indeed, the Eleventh Circuit analysed what funds are at stake in the NFIP with regard to claims for interest and noted that claim payments come out of FEMA's pocket regardless of how they are paid.  *See Newton v. Capital Assur. Co., Inc.,*

245 F.3d 1306, 1311 (11th Cir. 2001), *rehearing en banc denied*, 263 F.3d 172 (11th Cir. 2001).

14.    The NFIP, the SFIP, and the WYO Program carriers participating in the NFIP are all governed by ***federal*** law, not state law.  *See West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978), *cert. denied*, 440 U.S. 946 (1979), where the court stated the following:

> Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.

## FEDERAL JURISDICTION

### (1)    42 U.S.C. § 4072   Original Exclusive Jurisdiction

15.    42 U.S.C. § 4072 (2013) conveys original exclusive jurisdiction over claims handling matters under the SFIP. *See Van Holt*, *supra*, 163 F.3d at 167.

16.    The Plaintiff should be aware of the requirement of filing in federal court as SFIP Article VII(R) clearly states that ***all*** disputes under the policy must be filed in the United States District Court of the district in which the covered property was located at the time of the loss.  Certainly, Nationwide is not suggesting that federal jurisdiction could be created by contract, but instead it is pointing out that the Plaintiff is fully aware of the requirement of filing in federal court.   Indeed, because the SFIP is a codified federal regulation, Plaintiff is charged with knowledge of this requirement.  *See, e.g., Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947).

17.    In the instant matter, the Plaintiff has instituted suit against Nationwide arising from their SFIP policy.  Thus, removal is proper pursuant to 42 U.S.C. § 4072.

5

**(2)   28 U.S.C. §1331 - Federal Question Jurisdiction**

18.    Nationwide asserts that the SFIP is a codified federal regulation found in its entirety at 44 C.F.R. § 61, App. A(2) and is governed exclusively by federal laws and the NFIA.  As per the terms of the SFIP, this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, *et seq.* (2013)), and federal common law. 44 C.F.R. § 61, App. A(2), Article IX.  Because the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C. §1331.  Moreover, the Fifth Circuit has found that 28 U.S.C. §1331 applies to claims made under the flood policy.  *See Harris, supra,* 573 F.2d 873.  The Fifth Circuit referenced the well accepted holdings of its sister circuits that an action for breach of an SFIP, a policy issued pursuant to the NFIP, satisfies § 1331 by raising a substantial question of federal law.  *See Studio Frames Ltd. v. Standard Fire Ins. Co.* 369 F.3d 376, 379–80 (4th Cir. 2004); *Downey v. State Farm Fire & Cas. Co.,* 266 F.3d 675, 681–82 (7th Cir. 2001) (predicating jurisdiction on the doctrine of *Clearfield Trust Co. v. United States,* 318 U.S. 363, 63 S. Ct. 573, (1943), which "establishe[d] that, when the duties or rights of the United States are at stake under a federal program, that federal interest requires the application … of federal law"); *Newton v. Capital Assur. Co.,* 209 F.3d 1302, 1304–05 (11th Cir.2000); *Van Holt,* 163 F.3d at 167.

19.    In order to determine what, if any, U.S. Treasury benefits the Plaintiffs may be entitled to receive in this lawsuit, this Court will necessarily have to interpret the SFIP itself as well as the federal laws, regulations and statutes governing the SFIP.  Specifically, this Court would have to interpret the flood policy and FEMA's rules, regulations and Claims Manual regarding whether certain losses claimed by the Plaintiffs are covered

under the SFIP.  Federal common law governs the interpretation of the SFIP. *Harris*, *supra*, 573 F.2d at 881; *see also, e.g., Mason Drug Co. v. Harris*, 597 F.2d 886 (5th Cir.1979) (federal law governs interpretation of flood insurance policy).

20.    As the SFIP is a federal law, necessarily the interpretation of the SFIP (and the federal laws governing the operation of the NFIP) to determine the coverage provided thereunder, and any amounts due under the SFIP, would require the interpretation of a federal law which presents a federal question.  Thus, there is federal question jurisdiction under 28 U.S.C. §1331, and the case is therefore also removable pursuant to 28 U.S.C. §1441(a), (b) and (c).

21.    The payment that the Plaintiffs seek from Nationwide under the SFIP would be paid by FEMA and would be binding upon the federal government. *See* 44 C.F.R. Pt. 62, App. A, Art. II(F).

22.    Pursuant to 28 U.S.C. §1331, and by operation of 28 U.S.C. §1441(a), (b) and (c), therefore, Nationwide asserts that there are multiple federal questions presented within the Plaintiff's Original Petition which may only be addressed by this Honorable Court.

## FEDERAL JURISDICTION ALSO EXISTS BECAUSE THE PETITION BRINGS INTO PLAY AN ACT OF CONGRESS REGULATING COMMERCE

23.    Removal of this case is also proper under 28 U.S.C. § 1337 (2013), which provides that the district court shall have original jurisdiction of any civil action or proceeding arising under any act of Congress regulating interstate commerce.  28 U.S.C. §1337 is not subject to the well-pleaded petition rule. Under § 1337, removal is proper where the facts alleged in the Plaintiff's Original Petition bring into play an act of Congress that regulates commerce, regardless of whether any reference to the said act appears in

the Plaintiffs' pleading.  *See Uncle Ben's International Division of Uncle Ben's Inc. v. Hapag-Lloyd Aktiengesellschaft*, 855 F.2d 215, 216-17 (5th Cir. 1988); *See also Crispin Co. v. Lykes Bros. Steamship Co.*, 134 F. Supp. 704, 706 (S.D. Tex. 1955); *Commonwealth of Puerto Rico v. Sea-Land Service Inc.*, 349 F. Supp. 964, 973-74 (D.P.R. 1970).

24.    Clearly, under the National Flood Insurance Act, 42 U.S.C. § 4001, *et seq.* (2013), Congress is regulating commerce by promulgating the complex and comprehensive statutory scheme that is commonly described as the National Flood Insurance Act.  As recognized in *C.E.R. 1988, Inc. v. Aetna Cas. and Sur. Co.*, 386 F.3d 263, FN3 (3d Cir. 2004):

> The insurance industry in the United States operates in interstate commerce. States may regulate the insurance industry only to the extent Congress permits. U.S. Const. art. I, 8, cl. 3. The McCarren-Ferguson Act, 15 U.S.C. 1011, et seq., grants states this power except where Congress enacts legislation that specifically relates to the business of insurance. 15 U.S.C. 1012(b). In *Barnett Bank of Marion County v. Nelson*, 517 U.S. 25, 116 S. Ct 1103, 134 L.Ed.2d 237 (1996), the Supreme Court held that the exception for acts relating to the business of insurance should be construed broadly, noting that [t]he word relates is highly general. Id. at 38, 116 S. Ct. 1103. Without doubt the NFIA is congressionally-enacted legislation relating to the business of insurance.

25.    Beyond the general proposition that the NFIA regulates commerce, it is also clear that in a more particularized sense, the National Flood Insurance Act expressly regulates both the subjects of claims and claims handling, along with the conditions of insurability. *See*, *e.g.*, 42 U.S.C. § 4013 (2013) and 42 U.S.C. § 4019 (2013).  Plainly, federal laws affecting commerce are involved in the facts put at issue in the Plaintiff's Original Petition and so removal is proper pursuant to 28 U.S.C. § 1337.

## PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

26.     On February 16, 2017, the underlying Original Petition was filed, and on February 22, 2017, Nationwide was served with the Original Petition and civil summons. This Notice of Removal is being filed on March 20, 2017.  Consequently, this Notice of Removal has been filed within thirty (30) days after receipt of the Original Petition by Nationwide, as required by 28 U.S.C. §1446(b), and it is, therefore, timely.

27.     Venue is proper pursuant to 28 U.S.C. §1391(b) and 44 C.F.R. Pt. 61, App. A(1), Art. VII(R), as this Court is the proper United States District Court for removal because the 430th District Court of Hidalgo County is located in the Southern District of Texas, McAllen Division.

28.     Pursuant to 28 U.S.C. §1446(a) (2013), copies of all process, pleadings, and orders previously provided to Nationwide in this action are listed in the Index of Matters Being Filed with Removal, attached hereto as **Exhibit A**.

29.     As indicated by the attached Certificate of Service, a copy of this Notice is being served on counsel for Plaintiff.  A copy of the Notice is also being filed with the Clerk of the 430th District Court in Hidalgo County.

Respectfully submitted,

**Brown Sims**

 _/s/Michael D. Williams_
Michael D. Williams
Texas Bar No. 21564330
Federal I.D. No: 6982
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (fax)
*mwilliams@brownsims.com*
*Attorney-in-Charge for Defendant*
*Nationwide Mutual Insurance Company*

9

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of March, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and also served counsel for all parties in this action by depositing a copy thereof in the United States mail, postage prepaid and addressed as follows:

Surya Mangi
Saurabh Mangi
THE LAW OFFICE OF S. MANGI, P.C.
121 N. 10th St.
McAllen, Texas 78501
*Attorneys for Plaintiff*

Respectfully submitted,

**Brown Sims**

_/s/Michael D. Williams_____
Michael D. Williams
Texas Bar No. 21564330
Federal I.D. No: 6982
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (fax)
*mwilliams@brownsims.com*

*Attorneys for Defendant*
*Nationwide Mutual Insurance Company*